# Staunton.

## MAX MEADOWS LAND AND IMPROVEMENT CO. v. BRIDGES AND OTHERS.

### SEPTEMBER 16, 1897.

1. CHANCERY PRACTICE—*Exchange of Lands—Deficiency—Measure of Damages Where Specific Performance is Impracticable.*—Upon a bill filed to recover compensation for a deficiency in an exchange of lands, and for general relief, before decreeing compensation in money, the court should ascertain, through one of its commissioners, whether specific performance is practicable or not, and if so, to decree it with compensation for the use of the land from the time it ought to have been conveyed. If not practicable, a decree should be rendered for the value of the land at the time of the exchange. It is immaterial whether the lands have subsequently appreciated or depreciated.

Argued at Wytheville.   Decided at Staunton.

Appeal from a decree of the Circuit Court of Wythe county pronounced December 5, 1896, in a suit in chancery wherein the appellees were the complainants, and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*Bolling & Stanley*, for the appellant.

*Blair & Blair*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The parties to this controversy, and those they represent, undertook to exchange certain lands in the town of Max Meadows, foot for foot. By mistake, when the deeds of exchange were executed, the appellant company conveyed to the appellees 3,175 square feet of land less than it received. Although the deeds of exchange were made in the year 1890, the mistake seems not to have been discovered until the year 1895. After some efforts to settle the matter, the bill in this case was filed, and compensation for the deficiency in the land, and also for general relief, prayed for.

Upon the hearing of the cause, the court was of opinion that the record showed that a specific execution of the contract of exchange was impracticable "by reason of streets having been laid off by the defendant, and opened by the town of Max Meadows, through the lands of both complainants and defendant embraced in said exchange, and by reason of the sale, since said exchange, of parts of said land by the defendant, and for the further reason that the said lands have been greatly changed and depreciated in value since said exchange in September, 1890", and decreed that the defendant company should pay to the complainants the sum of $793.75 with its interest, as compensation for the land it had failed to convey. From that decree this appeal was taken.

We do not think that the record shows that a specific execution of the contract was impracticable. There was evidence tending to show, at least, that the defendant company was still in a condition to carry out its contract of exchange as made. Before decreeing compensation in money, the court ought to have ascertained through one of its commissioners whether specific performance was practicable, and if so, to have decreed it, with compensation to the complainants for the use of the land from the time it ought to have been conveyed. If, however, it should appear from such inquiry that specific performance be impracticable, the court should decree that the defendant company

pay to the complainants the sum fixed in the decree appealed from, that being the value of the land at the time of the exchange.

Whether lands in that town have depreciated or appreciated in value since the date of the agreement to exchange can have no effect upon this controversy. The parties are entitled to the benefit of their contract according to the values of the land when made, and neither can take advantage of changes in values which have occurred since to lessen his own, or increase the liabilities of the other.

The decree appealed from must be reversed, and the cause remanded to the Circuit Court, to be proceeded with in accordance with this opinion.

*Reversed.*